IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALE BRAMLETT, INDIVIDUALLY, §
AND AS INDEPENDENT §
ADMINISTRATOR OF THE ESTATE §
OF VICKI BRAMLETT, DECEASED, §
et al., §
 §
              Plaintiffs, §
 §
VS. § Civil Action No. 3:10-CV-2048-D
 §
THE MEDICAL PROTECTIVE §
COMPANY OF FORT WAYNE, §
INDIANA, et al., §
 §
              Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs' motion to remand and the Fed. R. Civ. P. 12(b)(6) motion to dismiss of defendant Benny P. Phillips, M.D. ("Dr. Phillips") present the question whether plaintiffs can recover against Dr. Phillips for tortious interference with a contract to which he was a party. Concluding that they cannot, the court grants Dr. Phillips' motion to dismiss and denies plaintiffs' motion to remand.

I

In 2009 plaintiffs filed suit in Texas state court against The Medical Protective Company of Fort Wayne, Indiana, Medical Protective Insurance Services, Inc. d/b/a The Medical Protective Company of Fort Wayne, Indiana (collectively, "Med Pro"), Dan Walston ("Walston") and Paul Rinaldi ("Rinaldi"). After Med Pro removed the suit to this court, plaintiffs moved to remand,

contending that the parties were not completely diverse because plaintiffs and defendants Walston and Rinaldi were all Texas citizens. *Bramlett v. The Med. Protective Co.*, 2010 WL 1491422, at *1 (N.D. Tex. Apr. 13, 2010) (Fitzwater, C.J.) ("*Bramlett I*"). Plaintiffs also added Dr. Phillips, a Texas citizen, as a defendant. *Id.* The court held that Walston and Rinaldi were improperly joined, and it vacated the joinder of Dr. Phillips. *Id.* at *4, *6. The suit was therefore properly removed. *Id.* at *4. The court also dismissed plaintiffs' claims against Walston and Rinaldi because plaintiffs did not state a claim for which relief could be granted. *Id.* On plaintiffs' motion, the court later dismissed plaintiffs' action against Med Pro without prejudice.

Thereafter, plaintiffs later filed the instant case in Texas state court against Med Pro and Dr. Phillips. They alleged that Med Pro negligently failed to settle a claim within policy limits and that Dr. Phillips had tortiously interfered with plaintiffs' subrogation rights by making an assignment of their contractual rights. Med Pro removed the case to this court, contending that Dr. Phillips was improperly joined and that his citizenship should be disregarded for purposes of determining removability. Plaintiffs now move to remand, contending that Dr. Phillips is properly joined and therefore that the parties are not completely diverse. Dr. Phillips moves to dismiss, contending that plaintiffs have not stated a claim against him upon which relief can be

granted.

## II

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. The defendant can establish improper joinder by showing that there was actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644,

646-47 (5th Cir. 2003)).

In this case, defendants argue that plaintiffs are unable to establish a cause of action against Dr. Phillips. To meet their heavy burden of proving improper joinder, defendants must demonstrate "that there is no possibility of recovery by the plaintiff[s] against [Dr. Phillips], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against [Dr. Phillips]." *Id.* The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks and citation omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

To predict whether plaintiffs have a reasonable basis of recovery under state law, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. In considering the allegations against in-state defendants, the court must look to the live

pleadings at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."). The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits[.]" *Smallwood*, 385 F.3d at 574.

III

A

Plaintiffs maintain that Dr. Phillips, a Texas citizen, is properly joined as a defendant and that the court therefore lacks subject matter jurisdiction because the parties are not completely diverse. They contend that Med Pro has not met its burden of establishing that plaintiffs have no possibility of recovering from Dr. Phillips. Plaintiffs allege in their petition that Dr. Phillips tortiously interfered with plaintiffs' subrogation rights by purporting to make an assignment of their contractual rights to undermine their rights as conferred by the Supreme Court of Texas in *Phillips v. Bramlett*, 288 S.W.3d 876 (Tex. 2009).

Dr. Phillips (as the insured) and Med Pro (as the insurer) were parties to an insurance contract. Plaintiffs argue that they are third-party beneficiaries of the contract. Dr. Phillips and Med Pro entered into a settlement agreement in which Dr. Phillips assigned to Med Pro his rights under the judgment to be entered in

*Phillips* and his right to appeal that judgment. Plaintiffs argue that in assigning his rights to Med Pro, Dr. Phillips tortiously interfered with their rights under the insurance contract. Plaintiffs maintain that, because they are third-party beneficiaries, they are entitled to recover under the insurance contract in the same manner and extent as is Dr. Phillips. Therefore, plaintiffs assert that Dr. Phillips assigned to Med Pro rights that belong to them. Defendants posit that (1) plaintiffs are not third-party beneficiaries of the insurance contract; (2) plaintiffs have no contractual rights under the insurance contract; (3) even if plaintiffs are third-party beneficiaries, they can only seek to enforce the contract; and (4) because Dr. Phillips is a party to the contract, he cannot tortiously interfere with it. Because it is dispositive, the court will address only the last argument.

B

Defendants have met their heavy burden of establishing that there is no possibility that plaintiffs can recover against Dr. Phillips. And Dr. Phillips has established that plaintiffs have failed to state a claim on which relief can be granted. Plaintiffs allege only that Dr. Phillips tortiously interfered with the insurance contract, to which Dr. Phillips is a party. Under Texas law, "a party to a contract has a cause of action for tortious interference against any third person (a stranger to the contract)

who wrongly induces another contracting party to breach the contract." *Holloway v. Skinner*, 898 S.W.2d 793, 794-95 (Tex. 1995).[1] A third-party beneficiary to a contract has the same cause of action for tortious interference against a stranger to the contract. *In re Burzynski,* 989 F.2d 733, 738 (5th Cir. 1993).

But "[l]iability for tortious interference is based on the acts of an interfering third party. Therefore, a party cannot tortiously interfere with its own contract." *Four Bros. Boat Works, Inc. v. Tesoro Petrol. Cos.*, 217 S.W.3d 653, 668 (Tex. App. 2006, pet. denied) (holding that sublessee could not maintain tortious interference claim against lessor and other contracting party where lessor was party to the contract); *see also Wodka v. Integrated P'ships, Inc.*, 2001 WL 1029460, at *2 (N.D. Tex. Aug. 24, 2001) (Fitzwater, J.) (citations omitted) (holding that plaintiff could not establish cause of action for tortious interference where defendant was corporate officer of corporation that was party to contract). "The obligation not to interfere with existing contracts is . . . *not* imposed on the parties to that contract, as a party cannot tortiously interfere with its own contract." *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 761 (Tex.

---

[1]Plaintiffs argue that the present case differs from *Holloway*, in which the court held that there can be no tortious interference when an agent of a party to the contract interferes with the contract. *See Holloway*, 898 S.W.2d at 795. But Dr. Phillips does not argue that he is an agent of Med Pro. Rather, he posits that because he is a party to the insurance contract, he cannot tortiously interfere with it.

2006) (citation and internal quotation marks omitted). "[*N*]*onliability* arises from connections with the contract." *Id.* at 761-62.

Plaintiffs argue that the general rule that a party cannot interfere with its own contract does not preclude recovery where the party tortiously interferes with *third-party beneficiaries'* rights in the contract. But plaintiffs do not cite any authority for such an exception to the general rule. Moreover, courts have applied the general rule in the context of third-party beneficiaries. In *Loda Agency, Inc. v. Nationwide Insurance Co.*, 2000 WL 1849865, at *4 (D. Conn. Oct. 10, 2000), the court held that a party cannot be liable for tortiously interfering with its own contract with respect to a third-party beneficiary. Likewise, in *John F. Dillion & Co. v. Foremost Maritime Corp.*, 2004 WL 1396180, at *11 (S.D.N.Y. June 21, 2004), the court held that a party to a contract could not tortiously interfere with its own contract with respect to plaintiff, a third-party beneficiary of the contract.

Accordingly, the court holds that defendants have carried their heavy burden of establishing that plaintiffs are unable to recover against Dr. Phillips, the non-diverse defendant, on their claim for tortious interference. It holds that Dr. Phillips was improperly joined. Therefore, at the time of the removal, only the citizenship of Med Pro, a diverse, non-Texas citizen, affected

whether the court had diversity jurisdiction. Because the parties were diverse, the case was removable.

C

Because the court holds that Dr. Phillips was improperly joined according to a Rule 12(b)(6)-type analysis, it follows that Dr. Phillips is entitled to dismissal of the claim. *See Berry v. Hardwick*, 152 Fed. Appx. 371, 373-75 (5th Cir. 2005) (per curiam) (holding that district court properly granted defendants' motion to dismiss when it determined that they had been improperly joined). The action against Dr. Phillips is dismissed with prejudice by Rule 54(b) final judgment filed today.[2]

---

[2]"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks and citations omitted). The court holds that this defect is incurable, and it therefore dismisses the action against Dr. Phillips without affording plaintiffs an opportunity to amend.

* * *

Plaintiffs' November 5, 2010 motion to remand is denied. Dr. Phillips' December 17, 2010 motion to dismiss is granted, and the action against him is dismissed with prejudice.

**SO ORDERED.**

January 26, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE