IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DALE BRAMLETT, INDIVIDUALLY, § <br> AND AS INDEPENDENT § <br> ADMINISTRATOR OF THE ESTATE § <br> OF VICKI BRAMLETT, DECEASED, § <br> et al., § <br> § <br> Plaintiffs, § <br> § Civil Action No. 3:10-CV-2048-D <br> VS. § <br> § <br> THE MEDICAL PROTECTIVE § <br> COMPANY OF FORT WAYNE, § <br> INDIANA, et al., § <br> § <br> Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs move the court under Fed. R. Civ. P. 56(d) to defer consideration of defendants' motion and supplemental motion for summary judgment and to modify discovery orders. For the reasons that follow, the court grants the Rule 56(d) motion and, to the extent necessary to enable plaintiffs to obtain the discovery permitted under Rule 56(d), grants the request to modify discovery orders.

I

The court assumes the parties' familiarity with the background facts and procedural history of this case. *See, e.g., Bramlett v. The Med. Protective Co.*, ___ F.Supp.2d ___, 2012 WL 692032, at *1-2 (N.D. Tex. Mar. 5, 2012) (Fitzwater, C.J.) ("*Bramlett III*"). The court will therefore limit its discussion to the facts and procedure pertinent to this decision.

This is a removed state-court *Stowers*-type[1] action lawsuit arising in connection with a medical malpractice lawsuit (the "Underlying Suit") that plaintiffs filed in Texas state court against Benny P. Phillips, M.D. ("Dr. Phillips").  Dr. Phillips was insured by The Medical Protective Company of Fort Wayne, Indiana ("MedPro").[2]  In litigating the Underlying Suit, MedPro rejected two policy limit settlement offers, and the case went to trial.  A jury "returned a verdict in plaintiffs' favor, and the court entered judgment against Dr. Phillips for $9,196,364.50 in actual damages and $2,972,000 in punitive damages."  *Bramlett III*, 2012 WL 692032, at *1 (citing *Phillips v. Bramlett*, 258 S.W.3d 158, 164 (Tex. App. 2007), *rev'd*, 288 S.W.3d 876 (Tex. 2009)).  On appeal, the Supreme Court of Texas held that Dr. Phillips was entitled to limit his liability under the Medical Liability and Insurance Improvement Act of 1977 ("MLIIA"), Tex. Rev. Civ. Stat. Ann. art. 4590i, § 11.02(a) (repealed Sept. 1, 2003), and it remanded the case to the trial court to render judgment.  The court noted, however, that it "reserv[ed] for another case any suit against the insurer under section 11.02(c)'s *Stowers* exception."  *Phillips v. Bramlett*, 288 S.W.3d 876, 882 (Tex. 2009).  Plaintiffs then filed the instant suit in Texas state court against MedPro and others.[3]

---

[1]*G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. 1929).

[2]Unless the context indicates otherwise, the court will refer to this defendant and to Medical Protective Insurance Services, Inc. d/b/a The Medical Protective Company of Fort Wayne, Indiana, collectively, as "MedPro."

[3]The suit also named Dr. Phillips as a defendant, but he was dismissed with prejudice on his motion.

Following removal to this court, MedPro filed a motion to dismiss. MedPro later moved for summary judgment, asserting many of the grounds contained in the motion to dismiss. The court decided the motion to dismiss in March 2012. In *Bramlett III* the court held, *inter alia*, that § 11.02(c) of the MLIIA "provides injured third parties a direct cause of action against insurers when facts exist that would allow a party to invoke the *Stowers* doctrine, and plaintiffs have adequately pleaded that such *Stowers* facts exist." *Bramlett III*, 2012 WL 692032, at *9. Thereafter, MedPro filed a supplemental motion for summary judgment. Plaintiffs now move under Rule 56(d) to defer the court's consideration of the summary judgment motion and the supplemental summary judgment motion,[4] and they request that the court modify discovery orders so that they can obtain evidence to respond to MedPro's supplemental motion.

II

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus. Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.) (referring to former Rule 56(f)). Under Rule 56(d), the court can "(1)

---

[4]Although plaintiffs entitle their motion a motion "to defer consideration of defendants' *supplemental* motion for summary judgment" (emphasis added), they ask the court to "defer[] consideration of MedPro's motion for summary judgment and supplemental motion for summary judgment until [they have] had fair opportunity to obtain . . . discovery." Ps. Mot. 11.

defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d). Rule 56(d) functions as a "safe harbor" that has been "built into the rules so that summary judgment is not granted prematurely." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to Rule 56(f)). It is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id.* Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1985)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment").

"[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Nevertheless, to warrant a continuance for purposes of obtaining discovery, "a party must indicate to the court by some statement . . . why [it] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (internal quotation marks omitted) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d

1435, 1442 (5th Cir. 1993)).  It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts.  *See Washington*, 901 F.2d at 1284-85.  The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)).  A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (in part quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991) (internal quotation marks omitted)).

III

Plaintiffs contend that discovery is necessary for them to respond to two of MedPro's arguments, both of which MedPro raises in its supplemental motion for summary judgment.[5]

A

MedPro maintains that, as a matter of law, it reasonably rejected plaintiffs' first *Stowers* demand because they did not provide a statutorily-required expert report before the settlement offer expired.  Plaintiffs assert that they "construe[] MedPro's motion to contend that, absent [plaintiffs'] expert medical report, MedPro was unable, from information then within its possession, to evaluate" elements of the medical malpractice claim.  Ps. Mot. 8.

---

[5]Plaintiffs also state that, to the extent MedPro is making a no-evidence summary judgment argument, they request additional discovery.

They seek discovery of documents that they contend would assist them in understanding what MedPro knew at the time the first *Stowers* demand expired.

Plaintiffs are not entitled on this basis to defer consideration of MedPro's motions. MedPro's position is that, regardless of what it knew from other sources when considering plaintiffs' first *Stowers* demand, it is entitled to summary judgment as a matter of law because plaintiffs did not provide MedPro an expert report that met all the requirements of Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (repealed Sept. 1, 2003). No discovery appears necessary for plaintiffs to respond to the legal argument that the report they provided MedPro was statutorily deficient and that MedPro's refusal of the offer was therefore reasonable *per se*.

B

MedPro also contends that its failure to accept the second *Stowers* demand was reasonable as a matter of law because plaintiffs held the demand open for only 17 days, which did not give MedPro "a reasonable amount of time to respond." *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 41 (Tex. 1998). Reasonableness, however, inherently depends on the facts and circumstances. Therefore, the determination whether an insurer was given reasonable time to respond to a settlement offer depends on the surrounding facts. *See Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595, 608 (Tex. App. 1984, writ ref'd n.r.e.) (concluding that settlement offer held open for 14 days was reasonable under the "facts and circumstances" of the case). Plaintiffs have shown that they are unable to fully and accurately respond to MedPro's argument. Although they are able to set out which

documents they provided to MedPro, and when, they lack other needed facts to address whether the 17-day window was unreasonable. Plaintiffs have "provided more than unspecified facts or vague assertions about the evidence [they] expect[] to find if the court grants a continuance." *Byers v. Navarro Cnty.*, 2011 WL 2586756, at *2 (N.D. Tex. June 30, 2011) (Fitzwater, C.J.). Through a supporting affidavit from Spencer Markle, Esquire ("Markle"), plaintiffs seek to discover, *inter alia*, the "specific actions MedPro undertook to 'evaluate' [plaintiffs'] second settlement demand," the "specific information and documents . . . available to MedPro during the 17-day period," and "[w]hat time window is normally required by MedPro to evaluate settlement offers in other cases, and what facts made the [plaintiffs'] settlement demand require more or less time for evaluation than other cases." Markle Aff. 5. Among other things, the requested evidence could enable plaintiffs to dispute that 17 days was unreasonable as a matter of law by showing that, in substantially similar circumstances, MedPro had responded to settlement offers within approximately two weeks, or that MedPro had sufficient available information to make a decision within the time frame allowed. The court therefore concludes that plaintiffs are entitled to relief under Rule 56(d).[6]

---

[6] Assuming that some of the discovery plaintiffs seek is privileged, this is not a basis to deny a Rule 56(d) continuance. Instead, MedPro can raise privilege issues if the need arises.

C

The court now considers whether it should defer consideration of only the supplemental motion or the motion and the supplemental motion.

MedPro contends that the court should decide the motion before any additional discovery is conducted, in part because plaintiffs concede that no additional discovery is needed to resolve the motion, and in part because the magistrate judge denied plaintiffs' earlier motions to compel discovery, subject to plaintiffs' reurging the motion to compel after the court decides MedPro's summary judgment motion. Considering the issues presented for summary judgment and the anticipated discovery required, the court concludes that it is appropriate to defer consideration of both motions.

IV

Plaintiffs request that the court modify the discovery orders to allow discovery regarding whether 17 days was a reasonable time to accept a *Stowers* demand. The court grants plaintiffs' motion to the extent necessary to enable them to obtain the discovery that the court is permitting today under Rule 56(d).

V

The deadline by which plaintiffs must obtain the discovery permitted by this memorandum opinion and order is December 7, 2012. No later than January 7, 2013, plaintiffs must file a supplemental response, supplemental brief, and supplemental appendix to MedPro's motion for summary judgment and a supplemental response, supplemental brief, and supplemental appendix to MedPro's supplemental motion for summary judgment.

MedPro may file reply briefs to plaintiffs' responses within 14 days after the responses are filed.[7]

\* \* \*

For the reasons explained, the court grants plaintiffs' June 26, 2012 motion to defer consideration of defendants' supplemental motion for summary judgment and request for modification of discovery orders.

**SO ORDERED.**

September 7, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[7]Because these deadlines fall in or around holiday periods, the court will approve reasonable extension requests presented for cause or by agreement.