IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALE BRAMLETT, INDIVIDUALLY, §
AND AS INDEPENDENT §
ADMINISTRATOR OF THE ESTATE §
OF VICKI BRAMLETT, DECEASED, §
et al., §
 §
 §
              Plaintiffs, §
 § Civil Action No. 3:10-CV-2048-D
VS. §
 §
THE MEDICAL PROTECTIVE §
COMPANY OF FORT WAYNE, §
INDIANA, et al., §
 §
              Defendants. §

MEMORANDUM OPINION
AND ORDER

In this direct *Stowers*-type[1] action, defendants The Medical Protective Company and Medical Protective Insurance Services, Inc. (collectively, "MedPro") move for leave to file a supplemental expert designation, or, in the alternative, to modify the scheduling order. Because, so far as the court can determine, the testimony that MedPro seeks to offer from the witness is *fact* testimony, not *expert* testimony, the court denies the motion as moot.[2]

---

[1]*G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

MedPro seeks leave to supplement its expert designation to add Rebecca Butler, M.D. ("Dr. Butler"), who reviewed the medical records of Vicki Bramlett, plaintiffs' decedent. According to MedPro, Dr. Butler provided information and opinions to the attorney for Benny P. Phillips, M.D. ("Dr. Phillips") in the underlying malpractice lawsuit. Ds. Mot. 2. MedPro maintains that the attorney passed the information and opinions on to MedPro sometime before it responded to plaintiffs' *Stowers* demand. Plaintiffs identify Dr. Phillips' attorney as Ben Davidson, Esquire ("Davidson"), Dr. Butler's husband. *See* Ps. Resp. 2.

MedPro seeks leave to supplement its expert designation so that Dr. Butler can testify about the information and opinions she conveyed to Davidson. Alternatively, it asks the court to modify the scheduling order. Plaintiffs oppose the motion.

II

The court denies MedPro's motion as moot because, so far as the court can determine, the proposed testimony of Dr. Butler is *fact* testimony, not *expert* testimony. Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.* In addition to these requirements, "Rule 702 encompasses the *Daubert* inquiry, and also

- 2 -

gives district courts flexibility in determining whether an expert's testimony is reliable." *Matosky v. Manning*, 428 Fed. Appx. 293, 297 (5th Cir. 2011) (per curiam) (referring to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)).

Dr. Butler's proposed testimony appears, however, to be *fact* testimony, not *expert* testimony. In its brief, MedPro states that Dr. Butler's testimony is important because "[t]he opinions and other information that [she] conveyed to [Davidson] . . . are crucial to the jury's decision on the issues" of "(1) whether [MedPro's] potential . . . duty to Dr. Phillips was ever triggered and, if so, (2) whether [MedPro] satisfied this duty." Ds. Mot. 3. In its reply brief, MedPro states that it "intend[s] to introduce . . . testimony from Dr. Butler regarding her involvement in the underlying case on or before April 12, 2004." Ds. Reply 2. But Dr. Butler's testimony about whether she conveyed information and opinions to Davidson is *fact* testimony about information that Davidson (Dr. Phillips' attorney) had and could have conveyed to MedPro and what information MedPro had when it rejected plaintiffs' *Stowers* demand. In other words, Dr. Butler does not appear to be offering opinion testimony; she appears to be testifying factually as to the information and opinions she conveyed. A witness' testimony that she told someone her opinion on a matter was "X" does not mean she is now offering "X" as her opinion. And while a court must not allow opinions to come into evidence under the guise that they are fact testimony, in the instant case there appears to be little risk of that since the information and opinions that Dr. Butler provided to Davidson have apparent factual relevance to whether MedPro violated its *Stowers* duty. Nor does it appear that Dr. Butler is being asked to opine about such matters as whether Dr. Phillips

committed medical malpractice, whether the settlement demand was reasonable, or whether MedPro violated its *Stowers* duty.  Instead, her testimony is apparently being offered to demonstrate that Davidson, and in turn MedPro, relied at least in part on information and opinions provided by Dr. Butler in rejecting the *Stowers* demand, and that the decision not to accept the *Stowers* demand was reasonable.  Nor is it controlling that Dr. Butler's proposed testimony may be referred to as opinion testimony or that Dr. Butler may be a physician with specialized training and experience.  *See, e.g., United States v. McMillan*, 600 F.3d 434, 456 (5th Cir. 2010) (holding that district court correctly admitted accountant's testimony as fact testimony, even though accountant defined certain specialized terms, because he provided factual information about circumstances of case and his interaction with defendant); *see also United States v. Breland*, 366 Fed. Appx. 548, 552 (5th Cir. 2010) (per curiam) (stating that witness' training or experience does "not automatically convert . . . [fact] testimony into expert testimony").

*   *   *

For the reasons explained, MedPro's July 20, 2013 motion for leave to file supplemental expert designation and/or motion to modify the scheduling order is denied as moot.

**SO ORDERED.**

September 5, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE